FILED

2021 Mar-02  PM 01:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **REPUBLIC VANGUARD INSURANCE COMPANY,** | } } } | |
| **Plaintiff,** | } } | **Case No.:  2:20-CV-1317-RDP** |
| **v.** | } } } | |
| **JAMEY RUSSELL, et al.,** | } } | |
| **Defendants.** | } | |

## MEMORANDUM OPINION

Plaintiff Republic Vanguard Insurance Company ("Vanguard Insurance") filed this declaratory judgment action against Defendants Jamey Russell d/b/a Atrium Inspection Services ("Atrium Inspection"), Michael Henderson, and Rachel Henderson. (Doc. # 1). Plaintiff seeks a declaration that the policy it issued to Atrium Inspection provides no coverage for the claims asserted by Michael and Rachel Henderson ("the Hendersons") against Atrium Inspection in the parallel matter *Henderson v. Russell d/b/a Atrium Inspection Services*, No. 01-CV-2020-902252 (Ala. Jefferson Cty. Ct.). After careful review, the court concludes that this case is due to be dismissed because, as described below, the amount-in-controversy is less than $75,000 and, in the alterative, the court declines to exercise its jurisdiction under statute to hear this matter.

## I.      Factual and Procedural Background

This federal case evolved from a state case filed by the Hendersons against Atrium Inspection in the Circuit Court of Jefferson County, Alabama. (Doc. # 1-2). In that case, the Hendersons alleged that in March 2019 they hired Atrium Inspection to perform a pre-purchase inspection of a Craftsman-style house located in Jefferson County. (Doc. # 1-2 ¶¶ 7-9). Although Atrium Inspection provided the Hendersons with an inspection report, the Hendersons claim that

the inspection report failed to identify defects and building code violations in the house related to, among other things, water intrusion and rotten wood. (Doc. # 1-2 ¶ 10). Unaware of these defects and building code violations, the Hendersons purchased the house in April 2019 and allege that they discovered the defects and building code violations only upon moving into the house. (Doc. # 1-2 ¶ 11). The Hendersons maintain that the cost of repairing the house to correct the various defects and building code violations will exceed $50,000. (Doc. # 1-2 ¶ 14). In their state suit against Atrium Inspection, the Hendersons alleged, among other claims, counts of breach of contract and fraudulent misrepresentation. (Doc. # 1-2 ¶¶ 28-35, 42-48).

After the Hendersons filed suit in state court, Atrium Inspection requested that Vanguard Insurance defend and indemnify it in the state suit pursuant to an insurance policy it had entered into with Vanguard Insurance. (Doc. # 1 ¶ 32).[1] Vanguard Insurance then filed this declaratory action to "determine the rights, duties, status, and legal rights under the insurance policy." (Doc. # 1 ¶ 1). Before this court, Vanguard Insurance maintains that it is not obligated to defend or indemnify Atrium Inspection because the insurance policy provides coverage only for inspections conducted pursuant to valid inspection agreements. (Doc. # 1 ¶ 39). And, according to Vanguard Insurance, Atrium Inspection did not enter into a valid inspection agreement with the Hendersons because Atrium Inspection left blank a number of lines on the inspection agreement including the address of the property to be inspected, the services desired, and the fee to be paid for those services. (Doc. # 1 ¶ 16).

On January 14, 2021, the court held an in-person hearing with the parties to discuss settling the case. At that hearing, the court was up front with the parties. It cautioned them that there were serious questions about whether the amount-in-controversy requirement was met in this case and,

---

[1] Republic Vanguard has since defended Atrium Inspection in the state suit, subject to a full reservation of all rights.

further, in any event, under the Declaratory Judgment Act ("the Act") there were reasons why the court should exercise its discretion to dismiss this federal action. In the event the parties failed to resolve the case through settlement discussions, the court informed the parties it would undertake that analysis. The parties were unable to agree on a resolution of the matters, so the court ordered the parties to brief (1) whether Vanguard Insurance's federal suit satisfies the amount-in-controversy requirement and (2) whether the court should use its discretion under the Act to dismiss the case. (Doc. # 16). On February 11, 2021, the parties filed briefing on these issues. (Docs. # 17, 18, 19).

## II.    Jurisdictional Analysis

Federal courts are courts of limited rather than general jurisdiction. *Aldinger v. Howard*, 427 U.S. 1, 15 (1976). "A federal district court is under a mandatory duty to dismiss a suit over which it has no jurisdiction." *Se. Bank, N.A. v. Gold Coast Graphics Grp. Partners*, 149 F.R.D. 681, 683 (S.D. Fla. 1993) (citing *Stanley v. Cent. Intelligence Agency*, 639 F.2d 1146, 1157 (5th Cir. 1981); *Marshall v. Gibson's Prods., Inc. of Plano*, 584 F.2d 668, 671-72 (5th Cir. 1978)). While it is true that a district court may rely on "reasonable deductions, reasonable inferences, or other reasonable extrapolations" in determining whether a complaint meets the amount-in-controversy requirement, such deductions and inferences must be based on actual evidence as opposed to pure conjecture. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). And, it is a plaintiff's burden to prove the amount-in-controversy requirement has been satisfied. *Federated Mut. Ins. v. McKinnon Motors*, 329 F.3d 805, 807 (11th Cir. 2003).

"The [Act] does not, of itself, confer jurisdiction upon the federal courts. Rather, a suit brought under the Act must state some independent source of jurisdiction." *FEC v. Reform Party of U.S.*, 479 F.3d 1302, 1307 n.5 (11th Cir. 2007) (per curiam) (citing *Borden v. Katzman*, 881

3

F.2d 1035, 1037 (11th Cir. 1989)). Republic Vanguard asserts that jurisdiction in this case is provided by 28 U.S.C § 1332(a), which bestows on federal courts jurisdiction over parties who are completely diverse in citizenship to one another and whose claims exceed the statutorily prescribed amount in controversy of $75,000, exclusive of interest and costs. (Doc. # 1 ¶ 16). The parties in the federal case are completely diverse. And, according to Vanguard Insurance, the amount-in-controversy requirement is met in the federal case by aggregating the duties to defend and indemnify (which Vanguard Insurance estimates at $33,000 and $50,000 respectively). (Doc. # 17 at 3-4). Atrium Inspection and the Hendersons assert, however, that Vanguard Insurance has not satisfied the amount-in-controversy requirement because, in evaluating the amount in controversy, this court should exclude the duty to indemnify because that claim is not yet ripe. (Docs. # 18 at 4-5, 19 at 2-4).

"Ordinarily, a plaintiff need only plead an amount sufficient to satisfy the amount-in-controversy requirement in good faith[,]" and that amount "will be second guessed only if it 'appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Fastcase, Inc. v. Lawriter, LLC*, 907 F.3d 1335, 1342 (11th Cir. 2018) (alteration in original) (citations omitted). *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938) ("It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal."). "However, where jurisdiction is based on a claim for indeterminate damages, the *Red Cab Co.* 'legal certainty' test gives way, and the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum." *Federated Mut. Ins. Co.*, 329 F.3d at 807 (citing *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996), abrogated on other grounds by *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1072-77 (11th Cir. 2000)). A

claim for damages is indeterminate when the complaint does not allege a specific amount of damages. *Id.* at 808 (citing *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)).

Here, applying the preponderance-of-the-evidence standard is appropriate. Vanguard Insurance's Complaint estimates the damages sought in the underlying state suit and its anticipated costs in defending that suit. (Doc. # 1 ¶ 9). As such, Vanguard Insurance has not alleged a specific amount of damages that would invoke the legal certainty standard. *See SUA Ins. Co. v. Classic Home Builders, LLC*, 751 F. Supp. 2d 1245, 1248 (S.D. Ala. 2010) (citation omitted) (concluding the "preponderance-of-the-evidence standard applies to declaratory judgment actions brought in federal court by an insurer" because "a declaratory judgment plaintiff does not seek damages at all and thus does not seek a determinate amount of damages").

As this is an action for declaratory relief, "[t]he value of … [the] declaratory relief for amount in controversy purposes is the monetary value of the object of the litigation that would flow to the plaintiffs if the [relief] were granted." *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 973 (11th Cir. 2002) (citing *Ericsson GE Mobile Communications v. Motorola Communications & Elecs.*, 120 F.3d 216, 218 (11th Cir. 1997)). Where, as here, "the plaintiff seeks a judgment declaring the absence of a duty to defend or indemnify, the amount in controversy is generally measured by the insurer's potential liability to indemnify under the policy plus the insured's cost to defend the underlying action." *New Hampshire Indem. Co. v. Scott*, No. 8:11–cv–943–T–23MAP, 2012 WL 6537098, *1 (M.D. Fla. Dec. 14, 2012) (citing *Stonewall Ins. v. Lopez*, 544 F.2d 198, 199 (5th Cir. 1976)).

However, in calculating the amount in controversy, courts may not consider damages sought resulting from unripe causes of action.[2] How the amount in controversy is calculated is of particular relevance here because the duties to defend and indemnify are treated differently for purposes of ripeness.

An insurance company's "duty to defend is ... broader than the duty to pay, arises well before any duty to pay is conclusively established, and may well exist in a case in which the insurer is ultimately deemed not to be liable on the policy." 16 *Couch on Insurance* 3d § 227:27 (1997). "Accordingly, where an insurer seeks a declaratory judgment regarding its duty to defend, 'the jurisdictional ripeness requirements are met' as to claims regarding the duty to indemnify." *Am. Builders Ins. Co. v. Riverwood Constr., LLC*, No. 2:19-CV-01757-SGC, 2020 WL 5548803, at *2 (N.D. Ala. Sept. 16, 2020) (quoting *Tuskegee Univ. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, No. 18-034, 2018 WL 3873584, at *2 (M.D. Ala. Aug. 15, 2018)). And, under binding precedent, "[t]he pecuniary value of the obligation to defend the separate lawsuit is properly considered in determining the existence of the jurisdictional amount." *Stonewall Insurance Co. v. Lopez*, 544 F.2d 198, 199 (5th Cir. 1976).[3]

Unlike the duty to defend, however, "the duty to indemnify is not ripe for adjudication until the insured is in fact held liable in the underlying suit." *Nationwide Insurance v. Zavalis*, 52 F.3d 689, 693 (7th Cir. 1995) (citations omitted); *see Mid-Continent Cas. Co. v. Delacruz Drywall Plastering & Stucco, Inc.*, 766 F. App'x 768, 770-71 (11th Cir. 2019) (agreeing with the district

---

[2] Article III, Section 2 of the United States Constitution limits the jurisdiction of federal courts to "cases or controversies": a limitation that courts have interpreted as including a requirement that suits be "ripe" for adjudication. Because a suit that lacks ripeness is not justiciable, the absence of ripeness precludes federal courts from exercising jurisdiction. *See, e.g.*, *Ohio Forestry Ass'n v. Sierra Club*, 523 U.S. 726 (1998).

[3] The Eleventh Circuit, in an en banc ruling, adopted as binding precedent all decisions issued by the former Fifth Circuit as of September 30, 1981. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

6

court that a "duty to indemnify [ ] is not ripe for adjudication until the underlying lawsuit is resolved"); *State Auto Ins. Co. v. Mays Auto Service, Inc.*, No. 17-01676-RDP, 2018 WL 1583102, at *2 (N.D. Ala. April 2, 2018) (concluding the indemnity issue was not ripe for review because it depended "upon facts adduced [at the pending state-court] trial").[4]

Vanguard Insurance asserts that it satisfies the amount-in-controversy requirement if the court aggregates duties to defend and indemnify, each of which Vanguard estimates at well below $75,000. But, because no judgment has been issued against Atrium Inspection in state court, nor is there any settlement that Vanguard Insurance is responsible for paying, the duty to indemnify is not yet ripe and the court cannot consider the value of the duty to indemnify claim when calculating the amount in controversy. *See Am. Econ. Ins. Co. v. T.J. Copy Prod., Inc.*, No. 04 C 107, 2004 WL 842510, at *1 (N.D. Ill. Apr. 20, 2004) (deciding in a case involving the Act that an indemnification claim without an accompanying judgment "cannot count towards the amount in controversy as it is not ripe, and may never be ripe, for adjudication"); *Brown v. Safeco Ins. Co. of Illinois*, No. 6:13-CV-1982-ORL-31, 2014 WL 1478833, at *1 (M.D. Fla. Apr. 14, 2014) (holding that a "non-ripe … claim has zero value with regard to the amount in controversy"). As such, only Vanguard Insurance's duty to defend is relevant in calculating the amount in controversy. And, because Vanguard Insurance has made no showing that the cost of its duty to defend in the underlying state action satisfies the amount in controversy, Vanguard Insurance has failed to

---

[4] At least one court has determined the duty to indemnify can be ripe for adjudication before the underlying state case concludes if the insurer's duty to indemnify "will not be affected by facts to be determined in the underlying litigation." *Am. Builders Ins. Co.*, 2020 WL 5548803, at *2. But, this conclusion is unpersuasive and is not supported by precedent. The Eleventh Circuit and the former Fifth Circuit have both determined that the duty to indemnify is not ripe in a federal suit filed under the Act until a judgment is issued in the accompanying state case. *See Mid-Continent Cas. Co.*, 766 F. App'x at 770; *Allstate Ins. Co. v. Emp'rs Liab. Assur. Corp.*, 445 F.2d 1278, 1281 (5th Cir. 1971) (stating, in dicta, that "no action for declaratory relief will lie to establish an insurer's [priority] ... until a judgment has been rendered against the insured since, until such judgment comes into being, the liabilities are contingent and may never materialize"). These decisions do not rely on assumptions that the duty to indemnify may be affected by facts to be determined in the underlying action but rather hinge on the tautological principle that, until a judgment comes into being, a liability may never materialize.

satisfy the preponderance-of-the-evidence standard and its federal suit against Atrium Insurance is due to be dismissed.

## III.    Analysis Under the Declaratory Judgment Act

In the alternative, even if the court did have jurisdiction over Vanguard Insurance's federal suit, it would decline to exercise that jurisdiction for the reasons described below. The language of the Act states that federal courts "*may* declare the rights and other legal relations of any interested party." 28 U.S.C. § 2201(a) (emphasis added). Interpreting the Act, the Supreme Court in *Brillhart v. Excess Ins. Co. of Am.* held that courts are "under no compulsion to exercise that jurisdiction." 316 U.S. 491, 494 (1942). The Court reaffirmed this holding in *Wilton v. Seven Falls Co.*, holding the Act "confers a discretion on the courts rather than an absolute right upon the litigant." 515 U.S. 277, 287 (1995) (quoting *Pub. Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 241 (1952)). Courts have commonly referred to the discretionary standard announced in these two cases as the *Wilton-Brillhart* Abstention Doctrine.[5]

In accordance with the *Wilton-Brillhart* Abstention Doctrine, a federal district court is "authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment." *Wilton*, 515 U.S. at 288; *see Ameritas Variable Life Ins. Co. v. Roach*, 441 F.3d 1328, 1331 (11th Cir. 2005) (observing that the Act "only gives the federal court competence to make a declaration of rights; it does not impose a duty to do so"). This discretion is particularly so when a parallel state court action exists. *See Ven-Fuel, Inc. v. Dep't of the Treasury*, 673 F.2d 1194, 1195 (11th Cir. 1982) (stating that federal courts have the discretion to "decline to entertain a declaratory judgment action on the merits when a pending proceeding in another court will fully

---

[5] As the Seventh Circuit has noted, "'abstention' is not an entirely accurate term to describe the *Wilton/Brillhart* doctrine, as abstention 'normally refers to judicially-created doctrines,' and discretion under *Wilton/Brillhart* stems from the … Act." *Ford v. Psychopathic Records, Inc.*, No. 12-cv-0603, 2013 WL 3353923, at *3 n.3 (S.D. Ill. July 3, 2013) (citing *Med. Assur. Co. v. Hellman*, 610 F.3d 371, 378 (7th Cir. 2010)).

resolve the controversy between the parties"); *State Farm Fire and Cas. Co. v. Knight*, No. 09-0783-WS-B, 2010 WL 551262, at *2 (S.D. Ala. 2010) (citation omitted) ("[C]ourts in this Circuit have long recognized that they have discretion to 'decline to entertain a declaratory judgment action on the merits when a pending proceeding in another court will fully resolve the controversy between the parties.'").

But, this discretion is not absolute. The Eleventh Circuit has emphasized that considerations of "federalism, efficiency, and comity" require district courts to balance federal and state interests in determining how (and whether) to exercise their discretion to hear a declaratory judgment action in the face of a parallel state action. *Ameritas*, 411 F.3d at 1330-31. In *Ameritas*, the Eleventh Circuit provided the following list of factors to inform federal courts' discretionary decisions about whether to abstain from exercising jurisdiction over claims brought under the Act in the face of parallel litigation in the state courts:

> (1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;
>
> (2) whether the judgment in the federal declaratory action would settle the controversy;
>
> (3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue;
>
> (4) whether the declaratory remedy is being used merely for the purpose of 'procedural fencing' that is, to provide an arena for a race for res judicata or to achieve a federal hearing in a case otherwise not removable;
>
> (5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction;
>
> (6) whether there is an alternative remedy that is better or more effective;
>
> (7) whether the underlying factual issues are important to an informed resolution of the case;

(8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and

(9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Ameritas*, 411 F.3d at 1331. This "list is neither absolute nor is any one factor controlling; these are merely guideposts in furtherance of the Supreme Court's admonitions in *Brillhart* and *Wilton*." *Id.* Applying those factors here, and after careful review, the court finds that a parallel proceeding exists and that the *Ameritas* guideposts counsel in favor of abstention in this matter.

Before applying the nine-factor *Ameritas* test to this case, it is first important to determine whether the state proceeding constitutes a parallel proceeding. As the Eleventh Circuit has noted, "nothing in the Declaratory Judgment Act suggests that a district court's discretionary authority exists only when a pending state proceeding shares substantially the same parties and issues." *First Mercury Ins. Co. v. Excellent Computing Distributors, Inc.*, 648 F. App'x 861, 866 (11th Cir. 2016). And, applying similar tests, courts in other circuits have exercised discretion to not hear cases under the Act even when no parallel state proceeding existed. *See, e.g.*, *Endo Pharmaceuticals Inc. v. F.T.C.*, 345 F. Supp. 3d 554, 563-66 (E.D. Pa. 2018). But, the existence of a parallel state proceeding is a persuasive indicator that a court may abstain (and perhaps should consider abstaining) under several of the *Ameritas* factors. *See Nat'l Trust Ins. Co. v. S. Heating & Cooling, Inc.*, No. 5:19-CV-00268-LCB, 2020 WL 1083209, at *4 (N.D. Ala. Mar. 6, 2020); *Benchmark Insurance Co. v. Sustainable Energy Solutions, Inc.*, No. 1:19-cv-94-WKW, 2019 WL 2720124, at *3 (M.D. Ala. June 28, 2019) ("A federal court's discretion to abstain is more pronounced when the federal and state actions are 'parallel.'").

As the Eleventh Circuit has explained, "when federal and state proceedings involve substantially the same parties and substantially the same issues" they are sufficiently parallel for

purposes of applying the *Ameritas* factors. *Ambrosia Coal and Const. Co. v. Pages Morales*, 368 F.3d 1320, 1330 (11th Cir. 2004) (addressing the *Colorado River* abstention analysis); *see Scottsdale Ins. Co. v. Detco Industries, Inc.*, 426 F.3d 994, 997 (8th Cir. 2005) (determining that, for purposes of the *Wilton-Brillhart* doctrine, "[s]uits are parallel if substantially the same parties litigate substantially the same issues in different forums" (quoting *New Beckley Mining Corp. v. Int'l Union, United Mine Workers of Am.*, 946 F.2d 1072, 1073 (4th Cir. 1991)). Several courts within this circuit have determined that state suits are parallel to federal actions brought under the Act when the actions brought under the Act seek to determine coverage of the claims pending in state court. *See, e.g.*, *Metro. Prop. & Cas. Ins. Co. v. Butler*, No. 4:15-CV-01244-JEO, 2016 WL 2939633, at *6 (N.D. Ala. May 20, 2016) (finding a federal declaratory judgment action seeking relating to coverage under a homeowner's policy and a state court action constituted "parallel proceedings"); *Wesco Ins. Co. v. S. Mgmt. Servs., Inc.*, No. 2:16-CV-01955-RDP, 2017 WL 1354873, at *3 (N.D. Ala. Apr. 13, 2017).

At first glance, the federal proceedings in this matter may not appear parallel to the proceedings pending in state court when one considers the parties and issues involved. In the state court proceedings, the Hendersons filed suit against Atrium Inspection whereas in the federal suit, which seeks to determine the coverage of Atrium Inspection's insurance policy, Vanguard Insurance (which is not a party in the state proceedings) filed suit against Atrium Inspection and the Hendersons. Though Atrium Inspection and the Hendersons are parties to both proceedings, Vanguard Insurance is a party only to the federal proceedings. And, there are differences between the claims filed in state and federal court. As stated above, the plaintiff in the state court proceeding filed suit against Atrium Inspection to recover for, among other claims, breach of contract and fraudulent misrepresentation. (Doc. # 1-2 ¶¶ 28-35, 42-48). This suit was filed to determine

11

whether Vanguard Insurance owes Atrium Inspection duties to indemnify and defend. (Doc. # 1). But, despite these differences, the state and federal proceedings qualify as parallel.

In determining whether the parties in federal and state proceedings are substantially similar, courts do not require perfect parallelism. *See Benchmark Insurance Co.*, 2019 WL 2720124, at *4. Particularly, in federal cases involving coverage issues, courts look to whether the parties in federal court are -- or could be -- similar to the parties involved in the state proceedings. *See, e.g.*, *Nat'l Trust Ins. Co.*, 2020 WL 1083209, at *4 (determining parties were parallel for purposes of the nine-factor *Ameritas* test even though "the plaintiff in the underlying action filed suit against several [ ] defendants" excluded from the federal action). Here, although Vanguard Insurance is not currently a party to the state proceedings, the parties in the state and federal proceedings remain substantially similar under *Ameritas* because Vanguard Insurance could be impleaded into the state court proceedings. Under Alabama Rule of Civil Procedure 14(a), a defendant (like Atrium Inspection in the state suit) is authorized "to bring into the pending action a new party" (like Vanguard Insurance) who the defendant "allege[s] [is] ultimately liable for the claims asserted by the original plaintiff." *Ex parte R.B. Ethridge and Associates, Inc.*, 494 So.2d 54, 57 (Ala. 1986); *see Century 21 Paramount Real Estate, Inc. v. Hometown Realty, LLC*, 34 So.2d 658, 666-67 (Ala. 2009) (Bolin, J., dissenting) (describing situations when impleader is appropriate under Alabama law). Because the insurance policy between Vanguard Insurance and Atrium Inspection contains an indemnification provision, Vanguard Insurance may be impleaded into the state proceedings. As such -- and because all of the parties in the federal proceeding are or may become involved in the state proceeding -- the proceedings are substantially similar under *Ameritas* in terms of the parties.

Furthermore, the issues raised in the state and federal proceedings are also substantially similar. The Eleventh Circuit has determined that state and federal proceedings are substantially similar under *Ameritas* if "there is a pending [state] action in which some of the questions posed by the declaratory action have *or may be raised*." *Angora Enters. v. Condo. Ass'n of Lakeside Vill., Inc.*, 796 F.2d 384, 388 (11th Cir. 1986) (emphasis added). Applying that analysis, district courts in the Eleventh Circuit have decided that cases filed under the Act seeking to determine the limits and applicability of insurance policies are parallel to state proceedings if the insurance policies could become legally relevant in the state proceedings. *See, e.g.*, *Benchmark Ins. Co.*, 2019 WL 2720124, at *4 (concluding a proceeding under the Act to determine coverage contained parallel issues to a state proceeding because a defendant in the state proceeding could later contend that the insurance policy was void due to misrepresentations); *Wesco Ins. Co.*, 2017 WL 1354873, at *3 ("The state court action involves claims against Plaintiff and others for breach of contract, bad faith, fraud, and negligence. The issue of coverage necessarily arises as part of the state law claims." (citation omitted)). In the state proceedings, Atrium Inspection has already claimed the inspection agreement between it and the Hendersons limits its liability and requires the parties to arbitrate. *Henderson*, No. 01-CV-2020-902252 (Ala. Jefferson Cty. Ct.) (Doc. # 10 at 3-4, 8). As such, determining coverage in this case (and reviewing the inspection agreement) would necessarily require retreading the same waters as in the state proceeding. And, because Vanguard Insurance may be impleaded into the state proceeding, resolving Vanguard Insurance's claims under the Act would also necessitate resolving claims that "may be raised [in the pending state action]." *Angora Enters., Inc.*, 796 F.2d at 388. Accordingly, the issues are substantially similar under *Ameritas*, and the court turns to the nine-factor *Ameritas* test.

The first *Ameritas* factor looks to Alabama's interest in having the issue raised in this declaratory action decided instead in state court. This factor counsels in favor of abstention. Alabama courts have a strong interest in determining whether an insurance agreement (presumably entered into under Alabama state law) between Vanguard Insurance and James Russell, an Alabama citizen, provides coverage. *See Benchmark Insurance Co.*, 2019 WL 2720124, at *5. That interest is particularly strong here, where the underlying injury was suffered by the Hendersons, who are also Alabama residents. *See Nat'l Trust Ins. Co.*, 2020 WL 1083209, at *5 (finding similar facts contributed to the state having a "compelling interest").

The second and third *Ameritas* factors also weigh in favor of abstention. These factors look to whether resolving the federal declaratory action would settle the controversy and serve a useful purpose in clarifying the legal relations at issue. Deciding this declaratory action would accomplish neither goal. If this court determines that Vanguard Insurance is contractually obligated to provide coverage to Atrium Inspection, the litigation in state court would continue. And, if this court determined instead that Vanguard Insurance was not contractually obligated to provide coverage to Atrium Inspection, the litigation in state court would still continue. *See Benchmark Insurance Co.*, 2019 WL 2720124, at *4; *Nat'l Trust Ins. Co.*, 2020 WL 1083209, at *5 (concluding that when "any judgment in [a] federal declaratory action will not settle or resolve the underlying action … [the federal declaratory action] runs afoul to Rule 1 of the Federal Rules of Civil Procedure and the Alabama Rules of Civil Procedure"). Thus, deciding the declaratory action would neither settle the controversy nor would it serve a useful purpose in clarifying the legal relations at issue.

The fourth factor, whether the declaratory action was filed for "procedural fencing," is ambiguous. The Hendersons filed in state court. And, it is clear that Vanguard Insurance, of course, wants a federal forum to resolve issues of coverage. Other courts have found similar conduct could

be viewed as procedural fencing but, ultimately, this factor provides the court with little guidance due to its ambiguity. *See Benchmark Insurance Co.*, 2019 WL 2720124, at *6; *Nat'l Trust Ins. Co.*, 2020 WL 1083209, at *5. Accordingly, this factor "weighs neither in favor of nor against exercising federal jurisdiction." *Amerisure Mut. Ins. Co. v. Paragon Constr. & Dev., Inc.*, No. 06-cv-1407, 2007 WL 2893404, at *3 (M.D. Ala. Sept. 28, 2007).

The fifth and sixth factors require the court consider whether exercising jurisdiction over the declaratory action would increase the friction between state and federal courts, improperly encroach on state jurisdiction, or interfere with a better or more effective remedy. *See Nat'l Trust Ins. Co.*, 2020 WL 1083209, at *6. Here, resolving all issues in state court is preferable to "the risk of piecemeal litigation in state and federal court." *Benchmark Insurance Co.*, 2019 WL 2720124, at *6. And, with parallel issues pending in the state and federal proceedings, the first ruling by one of these courts "will carry with it at least a potential of having a res judicata effect on the second court's ability to hear and decide the issue." *Wesco Ins. Co.*, 2017 WL 1354873, at *4. Thus, exercising jurisdiction over this case would increase the friction between state and federal courts, improperly encroach on the state court's jurisdiction, and interfere with a better or more effective remedy — the proceeding currently pending in state court. For these reasons, the fifth and sixth factors also weigh in favor of abstention.

The last three factors also favor abstention. These factors require the court consider "whether the underlying factual issues are important to an informed resolution of the case," "whether the state trial court is in a better position to evaluate those factual issues than is the federal court," and "whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy." *Ameritas*, 441 F.3d at 1331. Courts have found the first two of these factors weigh in favor of abstention when the state and federal courts are tasked with

overlapping factual inquiries. *See Benchmark Insurance Co.*, 2019 WL 2720124, at *6; *Amerisure*, 2007 WL 2893404, at *3 (stating that the seventh and eighth *Ameritas* factors counsel abstention when "it is better for one court to make this factual determination, rather than for two courts to duplicate each other's efforts"). Because the state court will have to review the inspection agreement between the Hendersons and Atrium Inspection and that same inspection agreement is relevant to Vanguard Insurance's coverage of Atrium Inspection, parallel factual inquiries exist and cause these factors to favor abstention. The last factor counsels in favor of abstention where, as here, the "[federal] case involves no federal common or statutory law issues." *Benchmark Insurance Co.*, 2019 WL 2720124, at *6. And, Alabama has a clear interest in determining whether an insurance contract, presumably arising under state law, provides coverage to an Alabama resident. Accordingly, the court finds the last three *Ameritas* factors also weigh in favor of abstention.

Because the bulk of the *Ameritas* factors counsel abstention, dismissing this case under the *Wilton-Brillhart* Abstention Doctrine is appropriate.

## IV.    Conclusion

For the reasons explained above, this case is due to be dismissed. A separate order will be entered.

**DONE** and **ORDERED** this March 2, 2021.

R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE

16